# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHELL DAVID JEYS,<br><br>          Plaintiff,<br><br>   v.<br><br>AUDRY KING, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:16-cv-01913-BAM

SCREENING ORDER DISMISSING
COMPLAINT WITH LEAVE TO AMEND
(ECF No. 1)

THIRTY-DAY DEADLINE

Plaintiff Carthell David Jeys ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Individuals detained under California Welfare Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Plaintiff's complaint, filed on December 23, 2016, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

## I.      Screening Requirement

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>

## II. Allegations in Complaint

Plaintiff names the following defendants: (1) Hospital Administrator Audry King; (2) Hospital Assistant Administrator Brandon Price; and (3) Unit Supervisor Ian Young.

Plaintiff alleges as follows:

> They had me going up [and] down concrete stairs daily that caused extreme stress [and] physical duress onto my ankles, shin's [and] legs. I was only given "tylenol" regular generic to compensate for my discomfort and chronic pain as they called it. Nothing was attempted since November 2015 to December 12, 2016 when a Dr. Nyugen assigned as our Podiatry Surgen did a sonagram when he descovered the torn tendon on my right ankle to foot called a Tiabialis Posterior Tendon. It can not be repaired only used by orthotic's devices to aide me in walking (it feels like I stepped on a pebble onto my heel).

(ECF No. 1, pp. 4-5) (unedited text).

Plaintiff requests compensatory damages, a vehicle made to accommodate him while he drives and immediate release from confinement.

## III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of

section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the individual defendants to a constitutional violation. None of the defendants are connected to any action in the complaint. Plaintiff must allege what each individual defendant did or did not do that resulted in a violation of his rights. Plaintiff will be given an opportunity to cure this deficiency. In any amended complaint, Plaintiff may not generally allege that none of the defendants rendered assistance. Rather, he must link each individual defendant to an act or omission that caused the alleged deprivation of constitutional rights.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief. Plaintiff alleges that "they had me going up and down concrete stairs daily that caused extreme stress and physical duress on my ankles, shin's [and] legs." Plaintiff's limited factual allegations are not sufficient to clearly state why Plaintiff was made to use concrete stairs daily and whether any of the defendants witnessed or participated in the alleged incidents. Plaintiff will be given opportunity to amend his complaint to cure these deficiencies.

///

///

### C. Supervisory Liability

Although Plaintiff names Hospital Administrator Audry King, Hospital Assistant Administrator Brandon Price, and Unit Supervisor Ian Young as defendants, Plaintiff has not alleged that Admistrator King, Assistant Administrator Price, or Unit Supervisor Young were personally involved in an alleged Constitutional deprivation. To the extent Plaintiff seeks to hold Administrator King, Assistant Administrator Price, Unit Supervisor Young, or any other defendant, liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Here, Plaintiff has not alleged Administrator King, Assistant Administrator Price, or Unit Supervisor Young implemented a deficient policy which was a "repudiation of . . . constitutional rights." Redman, 942 F.2d at 1146. Plaintiff also has not alleged involvement in any constitutional violation by Admistrator King, Assistant Administrator Price, or Unit Supervisor Young, save for naming them as defendants. Plaintiff will be granted leave to amend to cure this deficiency.

### D. Right to Medical Care

Plaintiff alleges that received only "'tylenol' regular generic" as medical care for thirteen months while experiencing extreme stress in his ankles, shins and legs and suffering from a torn

tendon in his right ankle. As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." <u>Jones v. Blanas</u>, 393 F.3d 918, 931 (9th Cir. 2004) (quoting <u>Youngberg</u>, 457 U.S. at 321-22). Thus, to avoid liability, defendants' decisions must be supported by "professional judgment." <u>Youngberg</u>, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." <u>Youngberg</u>, 457 U.S. at 323.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. <u>Youngberg</u>, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." <u>Id.</u> at 321.

Here, Plaintiff's allegations fail to state a medical care claim. The Court cannot ascertain from Plaintiff's complaint what the individual defendants did or did not do that violated Plaintiff's constitutional rights. Plaintiff has alleged that he was in chronic pain yet "nothing was attempted" for thirteen months from November 2015 to December 12, 2016. However, Plaintiff's complaint does not specify whether or when he sought treatment and from whom. Plaintiff's complaint also does not identify who provided "tylenol" and why this was a "substantial departure from accepted professional judgment." <u>Youngberg</u>, 457 U.S. at 323. Further, it is unclear in the complaint whether any measures would have produced relief for Plaintiff, since Dr. Nyugen purportedly said Plaintiff's injury could not be repaired. Plaintiff will be given leave to cure these deficiencies.

**E. Habeas Corpus**

Plaintiff requests immediate release from confinement. However, if Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a

determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Simpson v. Ahlin, No. 1:15-cv-01301-BAM (PC), 2016 WL 8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive method for civil detainee to challenge the validity of his continued commitment). If Plaintiff chooses to file an amended complaint for a civil rights violation, he is advised that his amended complaint may be dismissed if the allegations challenge the legality or duration of his confinement.

## IV.    Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. The Court will grant Plaintiff an opportunity to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 5, 2017**                                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE