# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHELL DAVID JEYS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUDRY KING, et al.,<br><br>　　　　Defendants. | 1:16-cv-01913-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM (ECF No. 12)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Carthell David Jeys ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Individuals detained under California Welfare Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). On July 5, 2017, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on September 7, 2017, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.　　Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Complaint

Plaintiff names the following defendants: (1) Hospital Administrator Audry King; and (2) Unit Supervisor Ian Young.

Plaintiff alleges as follows:

Ian Young who is under the guise of a position by Audry King to run a Unit in a Supervisorial position. He ordered me to climb his stairs to enter his Unit up to 6 months duration. He failed to comply with directions by Audry King to medically clear me by reading my file which would of told him I cannot climb stairs due to Antiopenia + Tendinitus causing me to have weak legs + feet. He refused to listen to my complaints nor have me checked out thru the Unit Medical Staff on Unit 8. It plainly states these issue in my medical file under "medical alerts." The poditrist states after looking at it under a MRI + Cat Scan showing the tendon of my right foot is unoperable. I can not receive a cane nor support, nor pain support (like medicine) with this issue, they will not even recommend a professional surgeon to attempt it. I demand all recommended medical surcease on the problem, nor giving me access to a job to earn any money because I have problems walking. I demand assistants in this issue along immediate Release from this confinement to deal with this issue with my own Medical insurance immediately.

(ECF No. 12, pp. 3-4) (unedited text). Plaintiff requests compensatory damages, immediate release to his home in Oklahoma, and a vehicle he can drive.

## III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights,

privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to adequately link the Defendant King to a constitutional violation. Although not clear, it appears that Plaintiff alleges only that Defendant King instructed Defendant Young to review Plaintiff's medical file for medical clearance. Plaintiff fails to link Defendant King to an act or omission that caused any alleged deprivation of constitutional rights. Plaintiff has been unable to cure this deficiency.

**B. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief. Plaintiff's limited factual allegations are not sufficient to clearly state what happened, when happened or who was involved. Plaintiff's general assertion

that Defendant Young made Plaintiff climb stairs to his unit is not sufficient to state a claim for relief that is plausible on its face. Plaintiff has been unable to cure this deficiency.

**C. Supervisory Liability**

To the extent Plaintiff seeks to hold Defendant King liable based upon her supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

Here, Plaintiff has not alleged Defendant King implemented a deficient policy which was a "repudiation of . . . constitutional rights." Redman, 942 F.2d at 1146. And, as discussed above, Plaintiff has not alleged involvement in any constitutional violation by Defendant King. Plaintiff has been unable to cure this deficiency.

**D. Right to Medical Care**

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22). Thus, to avoid liability, defendants' decisions must be

supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

In determining whether a defendant has met his or her constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321.

Here, Plaintiff's allegations fail to state a medical care claim. As a practical matter, there is no indication that Plaintiff's temporary denial resulted in any additional pain or injury requiring treatment. Further, there is no indication that Defendant Young, as a unit supervisor, was authorized to provide or otherwise direct Plaintiff's care, treatment or medical clearance. There also is no indication that Plaintiff sought and was denied treatment by any medical provider at facility. Although Plaintiff suggests that he did not receive medications, the Court notes that Plaintiff has omitted allegations from his original complaint indicating that he was provided Tylenol. Plaintiff may not simply omit allegations in an effort to state a cognizable claim for relief. Further, it is unclear in the complaint whether any measures would have produced relief for Plaintiff, as Plaintiff's condition is reportedly inoperable. Plaintiff has been unable to cure these deficiencies.

**E. Habeas Corpus**

Plaintiff requests immediate release from confinement. However, Plaintiff was previously advised that any amended complaint may be dismissed if he continued to pursue allegations challenging the duration of his confinement. As the Court previously indicated, if Plaintiff seeks to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Simpson v. Ahlin, No. 1:15-cv-01301-BAM (PC), 2016 WL

8731340, at *2 (E.D. Cal. Sept. 16, 2016) (petition for writ of habeas corpus exclusive method for civil detainee to challenge the validity of his continued commitment). Despite the Court's warning, Plaintiff is again pursuing release from confinement in this civil rights action.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **March 19, 2018**            /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE